UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 23-078-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 26-036-DCR |
| V. | ) | |
| | ) | |
| BRETT M. MARTIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After Defendant/Movant Brett Martin filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the Court directed briefing on the timeliness of the motion as it was untimely on its face. [*See* Record Nos. 51–52.] In making equitable tolling arguments, Martin implies that he previously requested counsel before the time for his § 2255 motion expired. [Record No. 53] He repeats that he needs help from appointed legal counsel "because [he] can't afford help and [has] tried to reach out to twenty different law firms for pro-bono help but [has not] received one response." *Id.* Martin appears to argue that his previous request for counsel (and the Court's later denial) should toll his time to file a § 2255 motion.

The United States argues in response that dismissal of Martin's motion is appropriate because he has failed to show a basis for equitable tolling and that his present motion was filed "nearly seven months past the one-year deadline." [Record No. 54] It further notes that, despite Martin claiming that "he attempted to file a § 2255 petition twice before on May 1 and May 30, 2025," "there is nothing in the record reflecting any other § 2255 petitions filed." *Id.*

- 1 -

at 3.  Finally, it points out that this claim contradicts Martin's admission that he "just now learned about [filling a 2255 motion]" and "didn't even know [he] could file one or how to." *Id.*

"'[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  A defendant must satisfy a two-part test to justify equitable tolling for a § 2255 motion: (1) demonstrate both diligent pursuit of rights and (2) extraordinary circumstances prevented timely filing.  (citing *Holland v. Florida*, 560 U.S. 631 (2010)).  This is not a rigid inquiry but one that requires consideration on a case-by-case basis.  *Id.* (citing *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012)).  That said, courts should use equitable tolling *sparingly*.  *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citation omitted).  And the defendant bears the burden to demonstrate his or her entitlement to equitable tolling.  *Id.*

Here, as discussed in the prior order, Martin had until June 17, 2025, to file a petition seeking relief under § 2255.  [Record No. 52]  He suggests that he met that deadline when he first requested counsel and that he previously tried to file § 2255 motions.  However, he provides no proof that he previously attempted to file those motions.  Further, as the government identifies, Martin's own admission that he just learned that he could file a § 2255 motion undermines his claim that he tried filing one (or two) earlier.  But Martin has not demonstrated extraordinary circumstances even if the Court assumes he diligently pursued his rights.

Under the facts presented, Martin's misunderstanding of the law or filing deadline and the Court's prior denial of his request for counsel do not amount to extraordinary circumstances warranting equitable tolling. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 848 (S.D. Ohio 2013) (noting that ordinarily, "[i]gnorance of the law alone is not sufficient to warrant equitable tolling"); *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (providing that extraordinary circumstances requires a showing beyond the petitioner's *pro se* status or his limited access to a law library).

Finally, the Court notes that a Certificate of Appealability is not warranted in this case. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued only when the defendant/movant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy that burden, Martin would have needed to show that reasonable jurists could debate whether his motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not debate the conclusions reached herein. Martin's motion was not filed timely, and he has not established extraordinary circumstances to justify the delay.

Having considered the matter, it is hereby **ORDERED** as follows:

1. Defendant/Movant Brett Martin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 51] is **DENIED**.

2. Defendant/Movant Martin's collateral proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated:  March 18, 2026.



<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky